**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABEL LODGING, LLC, a Kansas limited liability company; and JOSHUA JOSEPH, an individual<br><br>Defendants. | Civil Action No. 14-2683 (JLL)<br><br>**ORDER** |

**LINARES,** District Judge.

**THIS MATTER** comes before the Court by way of Plaintiff's motion for default judgment as to both Defendants in this matter [Entry No. 11] and Defendants' cross-motion to vacate the Clerk's Entry of Default [Entry No. 18]. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Plaintiff's motion for default judgment is denied and Defendants' cross-motion to vacate the Clerk's Entry of Default is granted. Defendants shall file an Answer to Plaintiffs' Complaint within **fourteen (14) days** of entry of this Order.

Default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b) (1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). As a general matter, even when a party is properly in default,

1

the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court. *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

The Third Circuit expressly disfavors default judgments, preferring that cases be adjudicated on their merits. *See, e.g., Martin v. United States Attorney's Office*, No. 06–5115, 2007 WL 1672354, at *1 (D.N.J. June 7, 2007). Adjudication of a motion to set aside default is left to the discretion of the district court. *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002).

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). However, "[w]eighing the equities on a motion to vacate a default judgment and the need to finally resolve controversies 'does not lend itself to a rigid formula or per se rule.'" *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419 (3d Cir. 1987) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). Instead, courts consider whether (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) the default was the result of the defendant's culpable conduct. *See, e.g., id.; Getty Petroleum Marketing, Inc. v. Saini*, No. 05-4732, 2007 WL 465451, at *2 (D.N.J. Feb. 7, 2007).

By way of background, Plaintiff's Complaint was filed with the Court on April 28, 2014. This Court's jurisdiction is premised on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiff's Complaint raises claims of breach of contract against both Defendants. On July 10, 2014, default was entered by the Clerk as to Defendants for failure to plead or otherwise defend in connection with this action, pursuant to Federal Rule of Civil Procedure 55(a). On July 25, 2014, Plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

On September 17, 2014, Defendants filed a cross-motion to vacate the Clerk's entry of default and in opposition to Plaintiff's motion for default judgment. In support of their cross-motion, Defendants maintain that their conduct is excusable under the circumstances. They explain that, although they were not personally served with Plaintiff's Complaint, they contacted Plaintiff's counsel once they received a copy of Plaintiff's motion for final judgment. In doing so, they attempted to negotiate a resolution to this matter. During the negotiations, Plaintiff's counsel adjourned his motion twice, presumably to permit negotiations to move forward. The parties, however, were unable to reach an agreement. Consequently, Defendants retained counsel

on September 9, 2014 and filed their cross-motion to vacate the Clerk's Entry of Default and response to Plaintiff's motion for default judgment eight days later.

Defendants have also come forward with a meritorious defense to Plaintiff's claims in this matter. In particular, Defendants maintain that the evidence will reveal that the audit for which Plaintiff is claiming $106,000.00 in unpaid Recurring Fees never occurred. Finally, and perhaps most importantly, there is simply no indication before the Court that Plaintiffs would be prejudiced in any meaningful way by having their case decided on the merits.

In light of the foregoing, and given the Court's general preference for deciding cases on the merits, the Court finds that Defendants have demonstrated good cause to vacate the Clerk's Entry of Default. *See generally United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) ("[T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.' ") (citations omitted).

Accordingly, **IT IS** on this 21 day of **October, 2014,**

**ORDERED** that Plaintiff's motion for default judgment as to both Defendants [Entry No. 11] is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion to vacate the Clerk's Entry of Default [Entry No. 18] is **GRANTED**. Defendants shall file an Answer to Plaintiff's Complaint within **fourteen (14) days** of entry of this Order.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge